IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARYLAND CASUALTY | : | |
| COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION FILE |
| | : | NO. ~~1:13-cv-3056-TWT~~ |
| SALON AVENUE SUITE 2; SALON | : | |
| AVENUE SUITES, INC.; MARK | : | |
| ALLEN STORCH; JULIETTE | : | |
| COLON; ELIZABETH B. | : | |
| BARRON; KARI  BENEDICT; | : | |
| HEATHER BOWEN;  NANCY | : | |
| CLARK;  DONNA McRAE; | : | |
| KATHERINE MILLER;   MARY | : | |
| ROE[1] and JANE DOE[2] | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

---

[1] Mary Roe is a pseudonym for ███████████, who filed a successful motion in her Underlying Lawsuit to proceed anonymously.  *Mary Roe v. Allen Mark Storch (a/k/a Mark Allen Storch, Topz Salon, Inc., Juliette P. Colon, Salon Avenue Suites, Inc., DLC Management Corporation and Sprayberry Improvements, LLC,* In The State Court of Cobb County, State of Georgia, Civil Action File No. 2013A1177-1

[2] Jane Doe is a pseudonym for ███████████, who filed a successful motion in her Underlying Lawsuit to proceed anonymously.   *Jane Doe v. Mark A. Storch; Topz Salon, Inc.; Salon Avenue Suites, Inc.; Juliette P. Colon; DLC Management, Corporation and Sprayberry Improvements, LLC,* In The State Court of Cobb County, State of Georgia, Civil Action File No. 2013A356-1

Plaintiff Maryland Casualty Company ("Maryland Casualty"), for its complaint against Salon Avenue Suite 2 and Salon Avenue Suites, Inc. (collectively "Salon"), Mark Allen Storch ("Storch"), Juliette Colon ("Colon"), Elizabeth B. Barron ("Barron"), Kari Benedict ("Benedict"), Heather Bowen ("Bowen"), Nancy Clark ("Clark"), Donna McRae ("McRae"), Katherine Miller ("Miller"), Mary Roe ("Roe"), and Jane Doe ("Doe").

## **INTRODUCTION**

1.

This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of resolving an actual controversy between and among Maryland Casualty, Salon, Storch, Colon, Barron, Benedict, Bowen, Clark, McRae, Miller, Roe and Doe arising out of insurance policies issued by Maryland Casualty to Salon Avenue Suite 2. In this action, Maryland Casualty seeks a declaration that it has no obligation to defend or indemnify Salon, Storch or Colon in connection with underlying litigation in which Barron, Benedict, Bowen, Clark, McRae, Miller, Roe and Doe (collectively "Underlying Plaintiffs") allege that Storch used hidden cameras in Salon's bathroom and salon suites to film the Underlying Plaintiffs as they used the bathroom facilities or were in various states of undress.

## THE PARTIES

2.

Plaintiff Maryland Casualty Company is a Maryland corporation with its principal place of business at 1400 American Lane T-1, FL-4, Schaumberg, Illinois 60196 and is duly authorized to conduct business in the State of Georgia.

3.

On information and belief, Defendant Salon Avenue Suite 2 is a trade name used by Salon Avenue Suites, Inc., which was a corporation organized and existing under the laws of the State of Georgia.  Defendant Storch and Defendant Colon were officers and shareholders of that corporation but they dissolved the corporation on April 4, 2013.   Salon Avenue Suite 2 and Salon Avenue Suites, Inc. can both be served through the registered agent for Salon Avenue Suites Inc.,: In Corp Services, Inc. at 2000 Riveredge Pkwy NW, Suite 88, Atlanta, GA 30328

4.

Defendant Mark Allen Storch is a resident of Cobb County, Georgia and can be served at 2925 Carolyn Street, Marietta, Georgia 30062.

5.

Defendant Juliette Colon is a resident of Cobb County, Georgia and can be served at her residence at 2925 Carolyn Street, Marietta, Georgia 30062.

3

6.

Defendant Elizabeth Barron is a resident of Georgia and can be served at her residence at 235 Overlook Court, Dallas, Georgia 30157.

7.

Defendant Kari Benedict is a resident of Georgia and can be served at her residence at 195 Amber Trace, Dallas, Georgia 30132.

8.

Defendant Heather Bowen is a resident of Georgia and can be served at her residence at 3758 Lamb Drive, Marietta, Georgia 30065.

9.

Defendant Nancy Clark is a resident of Georgia and can be served at her residence at 3890 Jim Owens Road, Kennesaw, GA 30152.

10.

Defendant Donna McRae is a resident of Georgia and can be served at her residence at 3000 Northwest Court, Kennesaw, Georgia 30152.

11.

Defendant Katherine Miller is a resident of Georgia and can be served at her residence at 194 Wyndham Lakes Court, Dallas, Georgia 30157.

12.

Defendant Mary Roe (see footnote 1) is a resident of Georgia and can be served at her residence in Marietta in Cobb County, Georgia.

13.

Defendant Jane Doe (see footnote 2) is a resident of Georgia and can be served at her residence in Kennesaw in Cobb County, Georgia.

## JURISDICTION AND VENUE

14.

This Court has jurisdiction over the subject matter in this action under 28 U.S.C. § 1332.  Complete diversity exists between Maryland Casualty, on the one hand, and all of the Defendants, on the other hand.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs, because there are eight individual lawsuits for which Maryland Casualty seeks a declaration that it has no duty to defend or indemnify in which each of the underlying plaintiffs seeks special, general and punitive damages for alleged injuries and because Maryland Casualty has agreed to participate in the defense of the alleged insureds in each of those eight lawsuits.

15.

This Court has personal jurisdiction over all of the Defendants.

16.

Venue is proper in the Northern District of Georgia, the judicial district in which the Defendants reside, pursuant to 28 U.S.C. § 1391(a) and (c).

17.

This action is properly filed subject to 28 U.S.C. § 2201 because an actual controversy of a ripe and justiciable nature exists between and among Maryland Casualty, Salon, Storch, Colon, and the Underlying Plaintiffs, involving the scope and extent of Maryland Casualty's obligation to defend and indemnify Salon, Storch and Colon in connection with the claims being asserted in the Underlying Lawsuits brought by the Underlying Plaintiffs.

## FACTS

18.

Each of the Underlying Plaintiffs has filed a separate lawsuit against Salon, Storch and Colon, among others, alleging that Storch illegally videotaped them while they were using bathroom facilities or salon suites.

19.

The Underlying Plaintiffs allege that they have suffered severe and permanent emotional distress and seek special and general damages, treble damages, punitive damages and attorneys' fees.

20.

Underlying Plaintiffs Baron, Benedict, Clark, McRae and Miller each allege that they contracted with another entity owned by Storch and Colon, Topz Salon, Inc., to use space to perform their businesses as hairstylists.  That contract allegedly provided each of those Underlying Plaintiffs with access to a bathroom for themselves and their customers.

21.

Underlying Plaintiff Bowen alleges that she contracted with another entity owned by Storch and Colon, Topz Salon, Inc., to use space to perform her business as an esthetician.  That contract allegedly provided Underlying Plaintiff Bowen with access to a bathroom for herself and her customers.

22.

Underlying Plaintiff Mary Roe alleges that she operated her Brazilian Wax business at another location operated by Storch and Colon.

23.

Underlying Plaintiff Jane Doe alleges that she was a customer at Roe's Brazilian Wax salon when she was illegally videotaped.

24.

The Underlying Plaintiffs allege that on March 5, 2004, Storch pled guilty in the Superior Court of Cobb County to aggravated assault with the intent to commit rape and possession of cocaine and that he received a fifteen year sentence, consisting of five years to serve and ten years of probation.

25.

Storch registered as a sex offender with the Georgia Bureau of Criminal Investigation on December 29, 2008.

26.

On July 27, 2012, Storch was arrested by Cobb County Police and charged with several felony counts of unlawful surveillance after Underlying Plaintiffs Roe and Doe called the police after discovering a camera in the ceiling of Roe's salon space.

27.

Some or all of the Underlying Plaintiffs allege that Colon was present the day the day the camera was discovered and Storch was arrested.

28.

On October 11, 2012, Storch consented to a Revocation/Consent Order, which stated that "on or about 7/12/2012 through 7/14/2012, [Storch]

committed the offense of Eavesdropping-Surveillance (F) in Cobb County, GA. On or about 7/27/2012, [Storch] committed the offense of Eavesdropping-Surveillance (F) in Cobb County, GA."

29.

On July 25, 2013, a Cobb County Grand Jury issued a twenty five (25) count General Bill of Indictment against Storch.

30.

The first notice to Maryland Casualty was on March 13, 2013.

31.

Maryland Casualty is participating in the defense of Salon, Storch and Colon under reservation of rights.

### THE MARYLAND CASUALTY COMPANY POLICIES

32.

Maryland Casualty Company issued Policy No. PAS04518405 for the periods 11/15/10 to 11/15/11, 11/15/11 to 11/15/12 and 11/15/12 to 11/15/13. ("Maryland Casualty Policies").   True and correct copies of the 11/15/10 to 11/15/11 policy and the 11/15/12 policy as contained in Maryland Casualty's files are attached hereto as Exhibits A and B.

33.

The Maryland Casualty Policies contain an insuring agreement as set forth in pertinent part as follows:

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   ****

34.

With respect to Defendants Storch and Colon, the Maryland Casualty Policies contain the following pertinent "Who is an Insured" language:

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

   a. An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

   ****

35.

The Maryland Casualty Policies contain the following definition for occurrence:

> 13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

36.

The Maryland Casualty Policies contain the following definition for bodily injury:

> 3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person.   This includes mental anguish, mental injury, shock, fright or death resulting from bodily injury, sickness or disease.

37.

The Maryland Casualty Policies contain the following additional insuring agreement:

**COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.   We will have the right and duty to defend the insured against any "suit" seeking those damages.   However, we will have no duty to

defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1)   The amount we will pay for damages is limited as described in **SECTION III – LIMITS OF INSURANCE**; and

(2)   Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.**

b.   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "Coverage territory" during the policy period.

****

38.

The Maryland Casualty Policies contain the following definition for Personal and Advertising Injury which provides in pertinent part:

14.   "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses.

12

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e. Oral or written publication of material that violates a person's right of privacy;

****

39.

The Maryland Casualty Policies contain the following insuring agreement in the Barbers and Beauticians Professional Liability endorsement:

    A. The following is added to **SECTION I – COVERAGES**

    **BARBERS AND BEAUTICIANS PROFESSIONAL LIABILITY**

        1. **Insuring Agreement**

        We will pay those sums that the insured becomes legally obligated to pay s damages because of any claim made against the insured to which this insurance applies.  No other obligation or liability to pay sums or perform acts or services applies unless explicitly provided for under

13

**SUPPLEMENTARY      PAYMENTS   –
COVERAGES A AND B.**  This insurance applies
only to claims made against the insured for
damages caused by a negligent act, error or
omission of the insured or of any person for whose
acts, errors or omissions the insured is legally
responsible in providing or failing to provide
"barbers and beauticians services" in the "coverage
territory" during the Policy Period.  We will have
the right and duty to defend any "suit" seeking
those damages.  But:

40.

The Maryland Casualty Policies define "barbers and beauticians services" as

follows:

E.     The following is added to **SECTION V –
DEFINITIONS:**

1. "Barbers and Beauticians Services" means
those activities customary in a beauty shop or
barber shop including:

a. Hair weaving, hair straightening, hair
cutting, styling, trimming, singeing,
conditioning, dressing, shampooing, tinting,
bleaching, dyeing or coloring;

b. Eyebrow arching, tweezing or plucking;

c. The removal of unwanted hair by shaving or
the use of wax or depilatory preparation;

d. Hair or scalp treatments;

14

    e.  Face or neck massaging;

    f.  Manicuring or pedicuring; or

    g.  Marcel, finger or water waving;

    h.  Service by the insured as a member or director of a formal accreditation, standards review or similar professional board or committee.

41.

The Maryland Casualty Policies contain the following exclusion for expected or intended injury:

This insurance does not apply to:

    a.  **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

****

42.

The Maryland Casualty Policies contain the following professional exclusion:

This insurance does not apply to:

15

    o.   **Professional**

      (1)   "Bodily injury" or "property damage" arising out of the rendering or failing to render any professional service, including but not limited to:

         b. Medical, cosmetic, dental, ear piercing, hair dressing, massage, physical therapy, veterinary, nursing, surgical or c-ray services, advice and instruction;

         f. Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming.

****

43.

The Maryland Casualty Policies contain the following exclusions to the personal and advertising injury insuring agreement:

This insurance does not apply to:

a.    "Personal and advertising injury":

      (1)   Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

      (3)   Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

16

(4)     Arising out of the willful violation of a penal statute or ordinance committed by or at with the consent of any insured;

44.

The Maryland Casualty Policies contain the following exclusions for the Barbers and Beauticians Professional Liability insuring agreement:

This coverage does not apply to:

d.  (1)     "Bodily injury" or "property damage" for which coverage is provided under the Commercial Liability Coverage Part contained in this policy, or which would have been provided except for the exhaustion of the Limits of Insurance; or

(2)     "Personal and advertising injury liability.

f.  Damages expected, caused intentionally by or at the direction of the insured, or that should have been reasonably foreseen by the insured.

45.

The Maryland Casualty Policies sets forth the duties in the event of an occurrence, offense, claim or suit:

2.    **Duties In The Even Of Occurrence, Offense, Claim Or Suit**

a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

    (1)    How, when and where the "occurrence" or "offense" took place;

    (2)    The names and addresses of any injured persons and witnesses; and

    (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.  If a claim is made or "suit" is brought against any insured, you must:

    (1)    Immediately record the specifics of the claim or "suit" and the date received; and

    (2)    Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.  You and any other involved insured must:

    (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    (2)    Authorize us to obtain records and other information;

    (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

18

(4)   Assist us, upon request in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

****

## CAUSE OF ACTION
### (Declaratory Relief)

46.

Maryland Casualty hereby incorporates by reference all allegations contained in Paragraphs 1 through 43 above as if fully set forth here.

47.

Maryland Casualty does not have any obligation to defend or indemnify Salon, Storch or Colon for any damages, losses, claims, costs or expenses arising out of or related to the claims asserted in the Underlying Lawsuit on numerous grounds, including but not limited to:

(a)   Salon, Storch and Colon have failed to satisfy all terms, conditions, and obligations under the Maryland Casualty Policies, including but not limited to the condition requiring an insured in the event of an occurrence to provide written notice to Maryland Casualty as soon as practicable and requiring the insured to immediately forward every demand, notice, summons or other process received;

19

(b)   The Maryland Casualty Policies provide coverage only for liability for the conduct of  Salon as a business;

(c)   The Maryland Casualty Policies provide coverage for Colon and Storch only in their capacity as defined in the Who is an Insured section of the Policies, not in their individual capacities;

(d)   The damages sought by the Underlying Plaintiffs are not because of property damage or bodily injury as defined in the Policies caused by an occurrence as defined in the Policies;

(e)   The claims are barred by the expected or intended exclusion;

(f)   Some or all of the claims are barred by the professional exclusion;

(g)   Some or all of the claims by the Underlying Plaintiffs do not fall within the definition of the personal and advertising injury;

(h)   To the extent any of the claims by the Underlying Plaintiffs fall within the definition of personal and advertising injury, those claims are barred by one or more of the exclusion in the personal and advertising injury section.

(i)   None of the claims by the Underlying Plaintiffs falls within the insuring agreement of the Barbers and Beauticians Professional Liability endorsement; and

(j)    To the extent that any of the Underlying Plaintiffs' claims fall within the insuring agreement of the Barbers and Beauticians Professional Liability endorsement, some or all of the exclusions bar coverage.

48.

WHEREFORE, Maryland Casualty demands judgment as follows:

A.    For a declaration that Maryland Casualty has no duty to defend, indemnity, or reimburse Salon, Storch or Colon or otherwise pay for any damages, losses, claims, costs or expenses arising out of the claims asserted against Salon, Storch and Colon in the Underlying Lawsuits;

B.    That the judgment be binding on the Underlying Plaintiffs;

C.    For reimbursement from Salon, Storch and Colon of all costs paid by Maryland Casualty in connection with the defense of Salon, Storch and Colon in the Underlying Lawsuits;

D.    For the cost of the suit; and

E.    For such other and further relief as this Court deem just and proper.

This 12th day of September, 2013.

/s/Linda B. Foster
Linda B. Foster
Georgia Bar No. 081535
Christopher C. Meeks
Georgia Bar No. 371020
*Attorneys for Plaintiff*

Weissman, Nowack, Curry & Wilco, PC
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500
(404) 926-4600 (Fax)
lindafoster@wncwlaw.com
christophermeeks@wncwlaw.com