IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARYLAND CASUALTY COMPANY, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION FILE NO. 1:13-cv-3056-TWT |
| SALON AVENUE SUITE 2; SALON AVENUE SUITES, INC.; MARK ALLEN STORCH; JULIETTE COLON; ELIZABETH B. BARRON; KARI BENEDICT; HEATHER BOWEN; NANCY CLARK; DONNA McRAE; KATHERINE MILLER; MARY ROE and JANE DOE | : : : : : : : : : | |
| Defendants. | : | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of the Case:**

    (a) Describe briefly the nature of the action.

    **This lawsuit is an insurance coverage dispute.**

    (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

    **Maryland Casualty Company ("MCC") issued policy number PAS04518405 to Salon Avenue Suite 2 for the periods 11/15/10 to 11/15/11,**

11/15/11 to 11/15/12, and 11/15/12 to 11/15/13 (the "Policies").  MCC has alleged that Salon Avenue Suite 2 was a trade name for Defendant Salon Avenue Suites, Inc. (collectively, "Salon"), a corporation in which Defendants Mark Allen Storch ("Storch") and Juliette Colon ("Colon") were officers and shareholders.

Defendants Elizabeth B. Barron, Kari Benedict, Heather Bowen, Nancy Clark, Donna McRae, Katherine Miller, Mary Roe, and Jane Doe (collectively, the "Underlying Plaintiffs") have filed separate lawsuits against Salon, Storch, Colon, and others alleging that Storch illegally videotaped the Underlying Plaintiffs while they were using bathroom facilities or salon suites at certain locations operated by Storch and Colon (the "Underlying Lawsuits").  The Underlying Plaintiffs allege that they have suffered emotional distress as a result of Storch's alleged actions and seek special and general damages, treble damages, punitive damages, and attorneys' fees. After calls from Mary Roe and Jane Doe, Storch was arrested by the Cobb County Police Department on June 27, 2012 and charged with several felony counts of unlawful surveillance.  On July 25, 2013, a Cobb County Grand Jury issued a twenty-five count General Bill of Indictment against Storch.

MCC first received notice of the matters alleged by the Underlying Plaintiffs and the Underlying Lawsuits on March 13, 2013.  MCC has agreed

**to participate in Salon, Storch, and Colon's defense in the Underlying Lawsuits pursuant to a full reservation of rights. MCC seeks a declaration regarding its duty to defend and indemnify in connection with the Underlying Lawsuits.**

(c) The legal issues to be tried are as follows:

**Whether MCC has a duty to defend and indemnify in connection with the Underlying Lawsuits.**

**For Defendants Salon, Storch, and Colon: Whether Plaintiff waived coverage defenses in its untimely filing of this declaratory judgment action; whether all insured defendants have and will be irreparably prejudiced and damaged by and as a result of the untimely filing; and whether plaintiff is attempting to use this declaratory action to gain advantage in settlement of the underlying tort claims.**

**MCC does not agree that the matters set forth above by Defendants Salon, Storch, and Colon are at issue in this lawsuit.**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

**N/A**

>  (2) Previously adjudicated Related Cases:
>
>  N/A

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

>  \_\_\_\_\_ (1) Unusually large number of parties
>  \_\_\_\_\_ (2) Unusually large number of claims or defenses
>  \_\_\_\_\_ (3) Factual issues are exceptionally complex
>  \_\_\_\_\_ (4) Greater than normal volume of evidence
>  \_\_\_\_\_ (5) Extended discovery period is needed
>  \_\_\_\_\_ (6) Problems locating or preserving evidence
>  \_\_\_\_\_ (7) Pending parallel investigations or action by government
>  \_\_\_\_\_ (8) Multiple use of experts
>  \_\_\_\_\_ (9) Need for discovery outside United States boundaries
>  \_\_\_\_\_ (10) Existence of highly technical issues and proof
>  \_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

>  Plaintiff: Linda B. Foster
>  **WEISSMAN, NOWACK, CURRY & WILCO, PC**
>  One Alliance Center
>  3500 Lenox Road, 4th Floor
>  Atlanta, Georgia 30326
>  (404) 926-4500
>  Fax (404) 926-4700
>  Email: lindafoster@wncwlaw.com
>
>  Defendants: J. Blair Craig, II
>  **WOOD & CRAIG, LLC**
>  197 14th Street NW
>  Suite 200
>  Atlanta, Georgia 30318

(404) 888-9962
Fax (404) 759-2326
Email:  blair@woodcraig.com
*Attorney for Defendants Salon Avenue Suite 2, Salon Avenues Suites, Inc., Mark Allen Storch, and Juliette Colon*

Richard G. Farnsworth
**OFFICE OF RICHARD G. FARNSWORTH**
PO Box 550332
Atlanta, Georgia  30355-0332
(404) 525-8500
Fax (404) 525-5511
Email:  RGF56@hotmail.com
*Attorney for Defendant Mary Roe*

E. Brian Watkins
**E. BRIAN WATKINS, PC**
One Capital City Plaza
3350 Peachtree Road, Suite 1225
Atlanta, Georgia  30326
(404) 355-3620
Fax (404) 344-3685
Email:  brian@ebrianwatkinslaw.com
*Attorney for Defendant Jane Doe*

Albert Maitland Yates, III
**KAUFMAN LAW, PC**
100 Galleria Parkway SE, Suite 1100
Atlanta, Georgia  30339
(404) 355-4000
Fax (404) 350-0909
Email:  tmy@kaufmanlaw.net
*Attorney for Defendants Elizabeth B. Barron, Kari Benedict, Heather Bowen, Nancy Clark, Donna McRae, and Katherine Miller*

**4.     Jurisdiction**

Is there any question regarding the Court's jurisdiction?

____ Yes           X No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.     Parties to this Action.**

(a)     The following persons are necessary parties who have not been joined:

**None**

(b)     The following persons are improperly joined as parties:

**None**

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Defendants Mary Roe and Jane Doe were identified with pseudonyms in the Complaint consistent with the motions to proceed anonymously they successfully filed in their respective Underlying Lawsuits.  Counsel for these Defendants will address issues relating to their client's identity in their respective Certificates of Interested Persons and, if requested by the Court, by motion.**

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report And Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed no later than thirty days after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1

(c) *Other Limited Motions:* Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference at this time.**

**10.   Discovery Period:**

The discovery period commenced thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None.**

(b) Is any party seeking discovery of electronically stored information?

_____ Yes  X  No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.  Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time, although the Parties may need to submit a consent protective order if confidential documents must be exchanged. Additionally, Counsel for Mary Roe and Jane Doe may file motions to maintain their client's privacy.**

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **December 13, 2013**, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

| | | |
|---|---|---|
| For plaintiffs: | **(signature):** | /s/Linda B. Foster |

**Also in attendance:  Christopher C. Meeks**

| | | |
|---|---|---|
| For defendants Salon Avenue Suite 2, Salon Avenues Suites, Inc., Mark Allen Storch, and Juliette Colon: | **(signature):** | /s/J. Blair Craig, II |
| For defendant Mary Roe: | **(signature):** | /s/Richard G. Farnsworth |
| For defendant Jane Doe: | **(signature):** | /s/E. Brian Watkins |
| For defendants Elizabeth B. Barron, Kari Benedict, Heather Bowen, Nancy Clark, Donna McRae, and Katherine Miller: | **(signature):** | /s/Albert Maitland Yates, III |

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

- ( )   A possibility of settlement before discovery.
- (**X**)   A possibility of settlement after discovery.
- (**X**)   A possibility of settlement, but a conference with the judge is needed.  **(See Below)**
- ( )   No possibility of settlement.

(c)   Counsel (**X**) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery, but no date has yet been set.

    (d)   The following specific problems have created a hindrance to settlement of this case.

**For Defendants Elizabeth B. Barron, Kari Benedict, Heather Bowen, Nancy Clark, Donna McRae, Katherine Miller, Mary Roe and Jane Doe: Prior to the filing of the present action, the parties had discussed and agreed upon mediation for the purposes of settlement with counsel retained by plaintiff, Maryland Casualty, to defend Storch (a defendant herein) in the state court lawsuits. Upon filing of this case, settlement talks abruptly ended until the Rule 26 conference. Assistance from the Judge may prove helpful in getting mediation and settlement talks back on track.**

**For Plaintiff: Subject to the defenses raised by MCC in this lawsuit, a potential for settlement exists; however, MCC has not represented that it agreed to reach any settlement of the Underlying Lawsuits. Further, MCC does not agree that assistance from the Court is needed to advance any potential future settlement discussions.**

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

    (a)   The parties (  ) do consent to having this case tried before a Magistrate Judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this ____ day of _____, 20____.

(b)     The parties (**X**) do not consent to having this case tried before a Magistrate Judge of this Court.

Consented to by:

/s/Christopher C. Meeks
Linda B. Foster
Georgia Bar Number 081535
Christopher C. Meeks
Georgia Bar Number 371020


WEISSMAN, NOWACK, CURRY & WILCO, P.C.
One Alliance Center
3500 Lenox Road, 4th Floor
Atlanta, Georgia 30326
(404) 926-4500
(404) 926-4600 (Fax)
lindafoster@wncwlaw.com
christophermeeks@wncwlaw.com
*Attorneys for Maryland Casualty Company*


/s/Richard G. Farnsworth
Richard G. Farnsworth
Georgia Bar No. 255425
(by CCM w/express permission)

OFFICE OF RICHARD G. FARNSWORTH
PO Box 550332
Atlanta, Georgia  30355-0332
(404) 525-8500
(404) 525-5511 (Fax)
RGF56@hotmail.com
*Attorney for Defendant Mary Roe*

/s/J. Blair Craig, II
J. Blair Craig, II
Georgia Bar No. 192850
(by CCM w/express permission)

WOOD & CRAIG, LLC
197 14th Street NW
Suite 200
Atlanta, Georgia  30318
(404) 888-9962
(404) 759-2326 (Fax)
blair@woodcraig.com
*Attorney for Defendants Salon Avenue Suite 2, Salon Avenues Suites, Inc., Mark Allen Storch, and Juliette Colon*


/s/E. Brian Watkins
E. Brian Watkins
Georgia Bar No. 740426
(by CCM w/express permission)

E. BRIAN WATKINS, PC
One Capital City Plaza
3350 Peachtree Road, Suite 1225
Atlanta, Georgia  30326
(404) 355-3620
(404) 344-3685 (Fax)
brian@ebrianwatkinslaw.com
*Attorney for Defendant Jane Doe*

- 13 -

/s/Albert Maitland Yates, III
Albert Maitland Yates, III
Georgia Bar No. 780360
(by CCM w/express permission)

KAUFMAN LAW, PC
100 Galleria Parkway SE, Suite 1100
Atlanta, Georgia  30339
(404) 355-4000
(404) 350-0909 (Fax)
tmy@kaufmanlaw.net
*Attorney for Defendants Elizabeth B. Barron, Kari Benedict, Heather Bowen, Nancy Clark, Donna McRae, and Katherine Miller*

- 14 -

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 20_____.

_____
UNITED STATES DISTRICT JUDGE