IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARYLAND CASUALTY         :
COMPANY,                      :
                            :
         Plaintiff,         :
                            :
v.                              :     CIVIL ACTION FILE
                            :     NO. 1:13-cv-3056-TWT
SALON AVENUE SUITE 2; SALON :
AVENUE SUITES, INC.; MARK     :
ALLEN STORCH; JULIETTE       :
COLON; ELIZABETH B.          :
BARRON; KARI BENEDICT;      :
HEATHER BOWEN; NANCY       :
CLARK; DONNA McRAE;         :
KATHERINE MILLER; MARY      :
ROE and JANE DOE           :
                            :
        Defendants.      :

**<u>SALON AVENUE SUITE 2, SALON AVENUE SUITES, INC., MARK
ALLEN STORCH and JULIETTE COLON'S APPENDIX OF EXHIBITS IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

1. Amendment of Insuring Agreement-Known Injury or Damage (Exhibit "A")

2. Affidavit of Mark Allen Storch (Exhibit "B")

3. Excerpts of the Confidential Deposition of Plaintiff Mary Roe (Exhibit "C")

4. Affidavit of Mary Roe (Exhibit "D")

5. Amendment to Complaint, Mary Roe v. Allen Mark Storch, et al., Civil

   Action File No. 2012-A-1177-5, In The State Court of Cobb County

This 4th day of August, 2014.

/s/ J. Blair Craig, II
Georgia Bar No. 192850
Attorney for Defendants Salon Avenue Suite 2;
Salon Avenue Suites, Inc.; Mark Allen Storch
and Juliette Colon

Wood & Craig, LLC
1201 Peachtree Street, N.E., Suite 1700
Atlanta, GA 30361
(404) 888-9962
(404) 759-2326
blair@woodcraig.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2014, I electronically filed the foregoing APPENDIX OF EXHIBITS with the Court using the CM/ECF system which will automatically send E-mail notification of such filing to the following attorneys of record:

Seth Friedman
sethfriedman@wncwlaw.com

Christopher Meeks
christophermeeks@wncwlaw.com

Richard G. Farnsworth, Esq.
RGF56@hotmail.com

E. Brian Watkins, Esq.
brian@ebrianwatkinslaw.com

Albert Maitland Yates, III, Esq.
tmy@kaufmanlaw.net

/s/J. Blair Craig, II
J. Blair Craig, II
Georgia Bar No. 192850

WOOD & CRAIG, LLC
1201 Peachtree Street, N.E., Suite 1700
Atlanta, Georgia  30361
(404) 888-9962; (404) 759-2326 (Fax)
blair@woodcraig.com
*Attorney for Defendants Salon Avenue Suite 2,*
*Salon Avenues Suites, Inc., Mark Allen Storch and Juliette Colon*

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARYLAND CASUALTY          :
COMPANY,                   :
                           :
          Plaintiff,       :
                           :
v.                         :          CIVIL ACTION FILE
                           :          NO. 1:13-cv-3056-TWT
SALON AVENUE SUITE 2; SALON:
AVENUE SUITES, INC.; MARK  :
ALLEN STORCH; JULIETTE     :
COLON; ELIZABETH B.        :
BARRON; KARI BENEDICT;     :
HEATHER BOWEN; NANCY       :
CLARK; DONNA McRAE;        :
KATHERINE MILLER; MARY     :
ROE and JANE DOE           :
                           :
          Defendants.      :

## <u>AFFIDAVIT OF MARK STORCH</u>

Before the undersigned officer, duly authorized to administer oaths, came

Mark Allen Storch, who first being sworn, deposed and said that he is giving the

within Affidavit from personal knowledge and states that:

1.

My attorneys in the underlying tort suits pending in Cobb State Court have

denied all allegations and contentions that in 2012 I intentionally placed hidden

1

camera(s) in the offices of Salon Avenue Suites with the idea, intention and/or scheme of obtaining images or video of the underlying tort plaintiffs.

2.

Any injuries by any of the underlying tort plaintiffs as concerns the allegations in the underlying tort suits were accidental and I did not expect or intend to injure any of them.

3.

At the conclusion of the criminal charges pending in Cobb State Court against me related to alleged hidden cameras, I will then fully and completely answer the questions posed which I raised my Fifth Amendment privilege in the deposition taken in this declaratory judgment action.

4.

I retained an attorney to represent me as to the criminal charges resulting from the discovery of the camera(s). I did not consult with or hire an attorney for civil litigation related to the discovery of the camera(s). Neither my wife nor I discussed the idea and I did not even consider the possibility of civil litigation. To my knowledge, my wife did not consider the possibility of civil litigation either. Thus, we did not retain an attorney until served with the underlying tort plaintiffs' lawsuits as we never even considered the possibility of civil litigation claims

arising out of the facts and circumstances related to the discovery of the camera(s),

and based on my wife's conversations with the tenants.

_____
MARK ALLEN STORCH

Sworn to and subscribed before me, this
the ___ day of August, 2014.


_____
Notary Public

My Commission Expires: March 25 2018

3

COMMERCIAL GENERAL LIABILITY
CG 00 57 09 99

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# AMENDMENT OF INSURING AGREEMENT – KNOWN INJURY OR DAMAGE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART (OCCURRENCE VERSION)

Paragraph 1. Insuring Agreement of Section I – Coverage A – Bodily Injury And Property Damage Liability is replaced by the following:

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

      (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

      (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

   c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)  Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)  Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)  Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.  Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

Copyright, Insurance Services Office, Inc., 1998

EXHIBIT "B"

EXHIBIT "C"

In The Matter Of:

## Roe vs. Storch

---

## CONF

April 21, 2014

---

## Tiffany Alley Global Reporting & Video

730 Peachtree Street NE

Suite 470

Atlanta, GA 30308

770.343.9696

www.tiffanyalley.com



IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

MARY ROE,

        Plaintiff,

vs.

CIVIL ACTION FILE

ALLEN MARK STORCH (a/k/a Mark    NO. 2013-A-1177-5
Allen Storch), TOPZ SALONS,
INC., JULIETTE P. COLON, SALON
AVENUE SUITES, INC., DLC
MANAGEMENT CORPORATION, and
SPRAYBERRY IMPROVEMENTS, LLC,

        Defendants.

CONFIDENTIAL DEPOSITION OF

April 21, 2014

10:00 A.M.

Swift, Currie, McGhee & Hiers, LLP

Suite 300, The Peachtree

1355 Peachtree Street, NE

Atlanta, Georgia 30309-3238

Lisa M. McNall, CCR-B-811

1        Q.   Has anyone ever told you that you were

2    photographed while you were at the Acworth location?

3        A.   No, ma'am.

4        Q.   Have you asked any of the investigators or

5    police whether or not you were photographed while at

6    the Acworth location?

7        A.   Yes.  I asked, and they could not find me

8    there.

9        Q.   Have you seen any photographs of any women

10   that were taken at the Acworth location?

11       A.   No, ma'am.

12       Q.   Have you seen any photographs of any women

13   from your studio?

14       A.   No, ma'am.

15       Q.   Did you have any communications with Storch

16   about the camera that you found in your studio?

17       A.   When I went outside to see if the police

18   was coming he follow me outside, and he look at my

19   face.  His first question was:  Why are you so upset

20   about the camera?  I asked him:  How do you know

21   there is a camera in my room?

22            He told me:  The police call me.  Excuse my

23   French, but they say BS.  He told me he put the

24   camera there a while ago, because there was a body

25   wrap, and he was suspecting the person that owns the

Roe vs. Storch                          CONF                              04/21/2014

```
1    space for the body wrap was doing some illegal stuff,

2    and his lawyer advised him to put the camera there.

3             He told me the camera was not working.  I

4    was just:  You know, if you put anything in my room

5    and stay there, you need to tell me.  You know what

6    type of services that I do.  You know that I do a

7    body wax and I'm specializing in Brazilian wax.  I

8    waxed you three times.  You should let me know there

9    is a camera there.  That is an invasion of privacy.

10   It doesn't matter if it's working or not.  That is an

11   invasion of privacy.

12            He told me:         ., it's not working.  I'm

13   just like:  Allen, it is working.  There is a red

14   light there.  I saw it.  There is a red light there,

15   and there is a wire connected that goes to the back

16   where you keep all your equipment locked.  But don't

17   you worry.  You are busted, because the police is

18   going to be here.

19            That's when he turned around, and he walk

20   inside of the Salon Suites, and I follow him, because

21   I thought he would go to my room to try to grab the

22   camera.  And he passed through my room and went to

23   the back.

24            I was kind of waiting.  I didn't follow him

25   all the way through the back, because I didn't know
```

EXHIBIT "D"

## AFFIDAVIT OF MARY ROE

Personally appeared before me, the undersigned officer authorized to administer oaths, Mary Roe, who being duly sworn, deposes and testifies as follows:

1.

I am Mary Roe. My actual name is under seal in the State Court of Cobb County for purposes of this action. However, all attorneys in the Cobb State Court action and this action know my actual name. I may be reached in care of my attorney of record, Richard G. Farnsworth, 5064 Roswell Road, Suite A-100, Sandy Springs, GA 30342, telephone 404-525-8500. I am competent to make this affidavit and all the statements in this affidavit are of my own personal knowledge.

2.

On or about July 27, 2012 most of the dramatic events giving rise to my suit in Cobb County State Court occurred. By 3:00 pm that afternoon, I had telephoned the police to report that several of us had found what appeared to be an operating video camera above a ceiling tile in the individual suite in which I operated my business. Officers were dispatched. I waited by the main doorway into the premises for them to arrive.

3.

While I was waiting, Mr. Allen Mark Storch (also known as Mark Allen Storch) arrived on the premises. He was the apparent and self-proclaimed manager of the entity (which I believed to be Topz Salons, Inc., but may have had a different corporate name) that maintained the overall premises and leased individual offices

and suites, including the one in which I did business. It was in that suite that we had found the camera that day.

4.

Mr. Storch and I had a brief conversation when he arrived. At one point he told me that he had installed the camera in that ceiling many months previously, as long as two years previously, well before I ever began operating my business there. He said that he had placed that camera there because he was worried that the person or entity then using that space was engaged in some illegal activity. He said he had done so on the advice of an attorney. He added that he had forgotten about the camera being there, and that he believed the camera was inactive.

This ends my affidavit.

_MARY ROE_

Sworn to and subscribed before
me this 31° day of July, 2014.

NOTARY PUBLIC

My Commission Expires: Aug 29, 2016

EXHIBIT "E"

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

MARY ROE,                                    :
                                             :
        Plaintiff,                           :
                                             :        CIVIL ACTION FILE NO.
v.                                           :        2013-A-1177-5
                                             :
ALLEN MARK STORCH (a/k/a MARK                :
ALLEN STORCH), TOPZ SALONS, INC.,            :
JULIETTE P. COLON, SALON AVENUE              :
SUITES, INC., DLC MANAGEMENT                 :
CORPORATION, and SPRAYBERRY                  :
IMPROVEMENTS, LLC,                           :
                                             :
        Defendants.                          :

## AMENDMENT TO COMPLAINT

NOW COMES the above-styled Plaintiff and amends her Complaint in the above styled matter by adding the following allegations.  As the last paragraph of her Complaint was numbered 48, she starts this Amendment with Paragraph 49, and continues in numerical sequence from there:

49.

Plaintiff realleges and incorporates herein by this reference all of the allegations of Paragraphs 1 through 48 of her Complaint.

50.

On or about July 27, 2012, the date of most of the events described in the preceding paragraphs of the Complaint, some time after 3:00 pm, after Plaintiff had called the police twice about those events, Plaintiff saw Defendant Allen Mark Storch (hereaftrer, "Defendant Storch"), arrive at the premises of the building in which

Plaintiff had her "Brazilian Wax" salon.  Plaintiff went outside so she could see when the responding police officers would arrive.

51.

Defendant Storch approached Plaintiff and his first remark was a question to her:  "Why are you so upset about the camera?"

52.

Defendant Storch had never told Plaintiff there was a camera above the ceiling in her salon, nor had he ever discussed any camera with her before he asked this question.  She asked him, "How do you know there is a camera in my room?"

53.

Defendant Storch replied that the police had called him.  Plaintiff replied, "Bullshit," because she knew they would not have called him.

54.

Defendant Storch continued, "I installed the camera many months ago when there was a body wrap studio, because I suspected there were illegal activities happening in that salon.  My lawyer had advised me to install a camera there. However, it is inactive now."

55.

Plaintiff replied, "It is not inactive; we saw the light [in the camera] on."

56.

Defendant Storch asked Plaintiff to take him into her salon to see the camera. She replied, "No, the police are on the way."

57.

Defendant Storch got a worried look on his face after she said this.  He went quickly back into the building.  Plaintiff followed at a distance.  She saw him access a storage closet in the kitchen area, and remove something from that closet and go to his car.  He drove away.  He did not return until well after the police had arrived.

58.

Based upon the allegations of Paragraphs 50 through 57, above, and particularly upon the statements of Defendant Storch quoted in those paragraphs, it is possible that Defendant Storch had placed a camera above the ceiling of what was not yet the salon of Plaintiff, but became her salon later, and forgot to tell Plaintiff about the camera being there.  If this is true, then Defendant Storch may have been negligent at least in failing to warn Plaintiff that the camera was in that space.

59.

Plaintiff is not alleging Defendant Storch was being truthful in the statements summarized in Paragraphs 50 through 57 above.  She simply notes that if his statements, or most of them, were really true, then in an abundance of caution, Plaintiff asserts, strictly as a precaution an alternate theory of recovery, that Defendant Storch was negligent in failing to remove or disconnect the camera in question well before Plaintiff began occupying and doing business in that salon space, and in failing to warn her and others using the salons about that camera. Plaintiff states this claim only as an alternative to some claims she already asserted in the original Complaint in this action for Defendant Storch's willful acts.  She in no way retracts any of those allegations and claims in the original Complaint.

60.

Defendants Juliette P. Colon, Topz Salons, Inc. and Salon Avenue Suites Inc. are jointly and severally liable to Plaintiff for any such negligent conduct by Defendant Storch as their managerial agent or managerial employee or both, under the doctrine of *respondeat superior*.

WHEREFORE, by this reference Plaintiff resubmits her prayer for relief as stated in the Original Complaint, as though restated fully herein.  She adds to that prayer for relief only that to the extent a jury may find that some of the conduct of Defendant Storch summarized in the paragraphs of this Amendment constitutes negligence on his part which proximately caused damages to Plaintiff, that, in addition to any award an enlightened jury may make in its verdict on all the claims set forth in the original Complaint, she recover against Defendants Storch, Colon, Topz Salons, Inc. and Salon Avenue Suites, Inc. on that additional or alternative basis in an amount an enlightened jury may award her upon trial of this case.

Respectfully submitted, this 1st day of May, 2014.

_____
Richard G. Farnsworth, GA State Bar No. 255425
Attorney for Plaintiff Mary Roe

5064 Roswell Road
Suite A-100
Sandy Springs, GA   30342
404-525-8500
Richard@farnsworthlawatl.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MARY ROE,                                    :
    Plaintiff,                           :
                                         :       CIVIL ACTION FILE NO.
v.                                           :       <u>2013-A-1177-5</u>
                                         :
ALLEN MARK STORCH (a/k/a MARK                :
ALLEN STORCH), TOPZ SALONS, INC.,            :
JULIETTE P. COLON, SALON AVENUE              :
SUITES, INC., DLC MANAGEMENT                 :
CORPORATION and SPRAYBERRY                   :
IMPROVEMENTS, LLC, *et al.,*                  :
    Defendants.                          :

## **RULE 5 CERTIFICATE AND CERTIFICATE OF SERVICE**

Pursuant to Rule 5 of the Uniform Rules for Superior Courts of Georgia, the undersigned counsel for Plaintiff Mary Roe certifies he served the foregoing Amendment to the Complaint in this action upon the Defendants in this action through their counsel, by first class mail addressed to:

Ms. Lynn M. Roberson and Mr. Daniel J. Kingsley
Swift, Currie, McGhee & Hiers, LLP
(Counsel for Defendants Allen Mark
Storch, Juliette P. Colon, Topz Salons
Inc., and Salon Avenue Suites, Inc.
1355 Peachtree Street, Suite 300
Atlanta, GA  30309-3231

Mr. Michael J. Goldman
Hawkins Parnell Thackston & Young, LLP
(Counsel for Defendants DLC Management Corporation
and Sprayberry Improvements, LLC)
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA  30308-3243

This 1st day of May, 2014,

                                                 _____
                                                 Richard G. Farnsworth, GA State Bar No. 255425
                                                   Attorney for Plaintiff Mary Roe

5064 Roswell Road, Ste. A-100
Sandy Springs, GA  30342
404-525-8500



**WOOD & CRAIG**
TRIAL LAWYERS

**Blair Craig < blair@woodcraig.com>**

## Amendment to complaint

**Richard F. Farnsworth** < rgf56@hotmail.com>
To: blair@woodcraig.com

Fri, May 2, 2014 at 2:27 PM

Blair, because GA law is very restrictive about recovering for either emotional distress (absent "impact") or invasion of privacy, I worded the amendment
adding negligence allegations very carefully to protect all the allegations of willful misconduct in our original Petition.  But I hope this amendment may
keep the insurers from bailing, which in turn could be useful to fund any settlement.

— Richard Farnsworth
5064 Roswell Road, Suite A-100
Sandy Springs, GA   30342
404-525-8500 (o)  404-271-0073 (cell)  404-525-5511 (fax)

 **roe Amendment.docx**
87K